**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:03-cr-00040-GZS |
| JOSPEH DARLING, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION TO REDUCE SENTENCE**

Before the Court is Defendant's Pro Se Motion to Reduce Sentence (ECF No. 209). For reasons briefly explained herein, the Court DENIES the Motion.

**I.     BACKGROUND & PROCEDURAL HISTORY**

On May 29, 2003, Joseph Darling was indicted on one count of distribution of five or more grams of cocaine base in the District of Maine. After pleading guilty to this charge, on January 8, 2004, Darling was sentenced to a term of 132 months imprisonment to be followed by 60 months of supervised release.[1] While serving this sentence, Darling sought a reduction in his term of imprisonment based on retroactive amendments to the Guidelines, but this Court determined he did not qualify for a reduction under those amendments. Darling thereafter completed his term of imprisonment and commenced the five-year term of supervised release on July 1, 2010.

On January 20, 2015, while on supervised release, Defendant was charged with distributing Oxycodone and detained in Vermont (District of Vermont Docket No. 2:15-cr-12-cr). Defendant was subsequently indicted, and on June 22, 2015, Defendant pled guilty to conspiring to distribute

---

[1] This sentence was subsequently lowered to 94 months on June 30, 2008. See ECF Nos. 183 & 184.

Oxycodone in Vermont. At sentencing, his Guideline range was 235 to 240. Ultimately, he was sentenced to a mandatory minimum term of 120 months imprisonment, to be followed by a ten-year term of supervised release.

Beyond this just-described District of Vermont criminal case, Darling's 2015 involvement in Oxycodone distribution resulted in a petition to revoke his supervised release. That petition was also filed in the District of Vermont (District of Vermont Docket No. 2:15-cr-23-cr) after this Court transferred jurisdiction pursuant to 18 U.S.C § 3605.[2] On October 1, 2015, the supervised release petition was resolved in tandem with his criminal sentencing via Defendant admitting the violation and then being sentenced to 13 months imprisonment on the supervised release violation, to be served consecutive to the sentence imposed in the criminal case. He is currently serving these District of Vermont sentences. According to the Bureau of Prisons, his current estimated release date is July 7, 2024.

Darling first filed for a sentence reduction in the District of Vermont on January 22, 2019. On December 23, 2019, Darling, through counsel, filed an unopposed motion to continue proceedings on his pending motion for sentence reduction indicating a plan to pursue relief in the District of Maine. The Court granted this motion on December 30, 2019. Darling thereafter filed the pending pro se motion on March 23, 2020.

## II.   DISCUSSION

Defendant asks this Court to retroactively amend the judgment in this case to reflect a sentence of time served. He asserts that such an amended judgment is authorized by the First Step

---

[2] This Court signed the transfer jurisdiction over Defendant to the District of Vermont on February 4, 2015. ECF 212. The District of Vermont accepted jurisdiction via order signed February 17, 2015. See ECF No. 1 in District of Vermont Docket No. 2:15-cr-23-cr.

Act of 2018 and would have the net effect of "voiding the consecutive 13 month sentence" he received for his revocation in District of Vermont Docket No. 2:15-cr-23-cr. (Def. Motion (ECF No. 209), PageID # 409.)  In response to the pending motion, the Government takes the position that this Court lacks jurisdiction to reduce any sentence Darling is now serving as a result of the 2015 transfer pursuant to 18 U.S.C. § 3605.  This section states in relevant part:

> A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

18 U.S.C. § 3605.  Notably, § 3582, which provides the statutory avenue for sentence reductions, falls within subchapter D of chapter 227.  Therefore, based on a plain reading of the applicable statutes, the Court concurs with the Government that it lacks jurisdiction to grant Darling the relief he seeks via the present motion.

In reaching this conclusion, the Court has reviewed and considered United States v. Venable, 943 F.3d 187 (4th Cir. 2019), United States v. Woods, 949 F.3d 934 (6th Cir. 2020), and United States v. Avery, -- Fed. Appx.---, 2020 WL 1541080 (2d Cir. April 1, 2020).  These recent decisions from the Fourth, Sixth, and Second Circuit respectively have found that sentencing courts have the authority to reduce a sentence for a covered offense under the First Step Act of 2018 even if a defendant has served the initially imposed term of imprisonment, but is now serving a new term of incarceration for a supervised release violation related to the covered offense.  See Avery, 2020 WL at *2; Woods, 949 F.3d at 937; Venable, 943 F.3d at 194.  However, these cases did not mention or consider the impact of a similarly timed transfer of jurisdiction pursuant to 18 U.S.C. § 3605.

Even if the Court retained jurisdiction to provide the relief sought, in an exercise of its discretion and having considered all of the factors listed in 18 U.S.C. § 3553(a), including the Court's review of the materials available on the two District of Vermont dockets, the Court

believes the 94-month sentence imposed in 2008, remains an appropriate sentence for this Defendant in this underlying case and reflects the time he served before his 2010 release.

### III. CONCLUSION

For the reasons just stated, the Court hereby DENIES Defendant's Pro Se Motion to Reduce Sentence (ECF No. 209).

SO ORDERED.

                                            /s/ George Z. Singal  
                                            United States District Judge

Dated this 10th day of June, 2020.